In the Matter of the Last Will and Testament of ALEXANDER J. KASSON, Deceased.

JOHN L. GETMAN, one of the Executors, etc., of ALEXANDER J. KASSON, Deceased, Appellant; MARY KASSON and OLIVER GETMAN, two of the Executors, etc., of ALEXANDER J. KASSON, Deceased, Respondents.

*Executor — removal of, denied on his giving a bond.*

In a proceeding for the removal of an executor in which the only charge against him was that after the death of the testator he lost moneys of an infant of whom he was guardian through an improper investment in his own name, and that owing to his insolvency the loss was made good from the estate of the testator, who was a surety upon his bond, the court considered that as the executor was of good habits, competent and efficient, and as the testator knew that he had little or no property, and as it appeared that the principal beneficiary of the testator was the managing executrix, the motion for his removal should be denied upon his executing a bond with sufficient sureties in the penalty of $5,000.

APPEAL by John L. Getman, one of the executors, etc., of Alexander J. Kasson, deceased, from an order of the Surrogate's Court of Fulton county, entered in said Surrogate's Court on the 12th day of August, 1898, removing him from his office as executor, etc., of

Alexander J. Kasson, deceased, and revoking the letters testamentary issued to him.

*William C. Mills*, for the appellant.

*C. M. Parke*, for the respondents.

LANDON, J.:

The main charge against the appellant is that this testator was surety upon his bond as guardian for certain infants, and that after the testator's death the appellant invested the moneys of the infants in his own name in the stock of a California corporation, and thereby lost the same, and the surrogate having upon his accounting charged him therewith, and the appellant being insolvent, his co-executors of this testator, recognizing the liability of this estate, upon the guardian's bond, made good the loss to the infants by the payment of the amount — namely, $2,966.06.

It affirmatively appears that the appellant has in no other respect done any act to the prejudice of this estate; that he is of good habits, competent and efficient; and that the testator knew he had little or no property; that letters testamentary were issued to him and the two other executors in May, 1892. The will of the testator is not set forth in the record. It appears, however, that the estate of the deceased was mostly in real property, valued at about $100,000, and was devised in great part to his widow, who is an acting executrix, and to the Gloversville Free Library, with power of sale to the executors; that sales thereof from $15,000 to $20,000 have been made and properly accounted for, and applied pursuant to the provisions of the will, and that the widow, as executrix, collects the rent of the unsold property, and that the bank account of the estate is kept by the executors in her name, and the balances are solely subject to her check.

The appellant signifies his willingness to give a bond for the faithful performance of his duty.

Under the circumstances we do not think his removal is required for the protection of the estate.

Our order is that the appellant may, within thirty days after the entry of this order, file with the surrogate a bond, in the usual form, with sureties in the penalty of $5,000, to be approved by the surro-

gate, and upon such approval the order removing him is reversed and the motion for his removal denied, with costs of this appeal to be paid him out of the estate; in default thereof, the order is affirmed, with costs.

All concurred.

Order reversed, with costs to the appellant out of the estate, upon appellant's filing bond for $5,000; otherwise, affirmed, with costs. Order to be settled before LANDON, J.